**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

In re:                                                            Case No: 24-20281-SMG
                                                                      Chapter 11

        JERICO PICTURES, INC.
        d/b/a National Public Data


_____Debtor_____/


**DEBTOR'S RESPONSE TO TRUSTEE'S MOTION TO DISMISS**
**AND IN THE ALTERNATIVE MOTION**
**FOR AN ORDER OF CONVERSION TO CHAPTER 7**


Debtor Jerico Pictures, Inc., d/b/a National Public Data ("Debtor" or "Debtor in Possession"), through their attorney Angelo Gasparri files this response to the United States Trustee's Motion to Dismiss pursuant to 11 U.S.C. §1112(b). [ECF 24].    Debtor also does not object to and therefore moves this Court, as an alternative to dismissal, to conversion to a case under Chapter 7.


**I.       INTRODUCTION**

In or around December of 2023, the Debtor fell victim to a cyber-attack launched by a well-known hacker who operated under the pseudonym "USDoD".   USDoD intruded and hacked into the Debtor's security infrastructure and compromised millions of records including the Personal Identifiable Information ("PII").   .[1]  It is worth noting that according to multiple sources, USDoD has been arrested on October 17, 2024 by federal law enforcement in Brazil.[2]

---

[1] *See* Motion to Dismiss generally [ECF 18].
[2] *See* https://therecord.media/hacker-behind-fbi-npd-airbus-attacks-arrested-brazil, (last visited on October 28, 2024).

Upon this cyber-attack, the Debtor has fallen into a purgatory of sorts in that it remains cash flow positive, but in no way whatsoever can respond to massive civil or regulatory claims. As a result, they sought Chapter 11 bankruptcy proceedings which will likely end in an orderly wind down of the business as a result of the lack of resources to fulfill upon potential regulatory noticing and monitoring obligations.

Many institutions and businesses have fallen victim to cyber-attacks and just as the Debtor, they are victims, and these proceedings in this U.S. Bankruptcy Court is not the forum to determine liability.[3] The United States Trustee objects to the continuation of the case, and yet they fail to provide an actual alternative pathway that fulfills upon the goals of the Bankruptcy Code.

The United States Trustee grounds their Motion in several procedural concerns, all of which can be remedied before this Court. The Trustee's true motivations seem more concerned with the fact that they believe the Debtor must have done something wrong, despite the fact that bad business judgment in the face of a threat that successfully targeted the FBI. In fact, this vicious cyber attacker that has also attacked other institutions and has caused such havoc that law enforcement from multiple countries have investigated this Hacker on a global level.[4]

This organization fell victim to a crime and is entitled to the protections offered through the bankruptcy code, more importantly by providing the Debtor to pursue this matter, it protects creditors from expending great resources to pursue non-existent assets and provides an opportunity to clearly demonstrate what resources are available and how a wind down should occur.

---

[3] *See also* for example the Press Release dated October 17, 2024,  regarding the SEC falling victim to a cyber attack and the arrest of the perpetrator at https://www.justice.gov/opa/pr/alabama-man-arrested-role-securities-and-exchange-commission-x-account-hack, (last visited on October 28, 2024).

[4] *See* generally,  https://therecord.media/hacker-behind-fbi-npd-airbus-attacks-arrested-brazil, (last visited on October 28, 2024).

The Bankruptcy consolidates the forum available to the creditors, provides complete transparency, and ensures that the wind down of the enterprise occurs in a forum designed to avoid extensive waste of judicial resources, or fruitless pursuit by creditors.

## II.    SEEKING BANKRUPTCY PROTECTION

The impact of cyber crime exposes the Debtor to a range of hardships. These include extensive Federal and State regulatory actions, as well as class action civil suits.  At the time of filing, the Debtor was facing more than 15 law suits, most of which were are class actions.  Simply tracking them was placing a burden upon the Debtor, and the Courts were initiating procedures to enter defaults in some cases.

### A.    *The Debtor has $1 MM in Cyber Insurance that would Cover a Post Petition Data Breach*

The Debtor has obtained an insurance policy for Cyber and Data Risk for $1,000,000.[5] This policy was unknown to debtor's counsel at the time of filing, and a copy of the policy has been provided to the Trustee's office. The debtor has also removed all non-public data from its online environment, and all databases holding PII are now air gapped to eliminate further PII threat.

### B.    *The Debtor is Not Seeking Rehabilitation but Seeking an Orderly Wind Down which is Allowed under Chapter 11*

The debtor can operate in a cash flow positive environment while funding the response to regulators, and covering the many expenses required to properly respond to inquiries.  The Trustee's argument that their operations will cause ongoing diminution is not relevant to the pursuit of a wind down, and ignores the benefits of using inbound revenue to assist in responding to creditor and regulatory concerns.

---

[5] *See* Exhibit 1 "Certificate of Insurance".

The Debtor does not believe that the enterprise can complete a full restructuring. The Chapter 11 liquidation will permit the Debtor, who is familiar with the business to extract the maximum available value during the wind-down process and thereby maximize the value of the remaining assets for the benefit of the creditors, rather than having the process conducted by a trustee in a Chapter 7 liquidation.   This process in a Chapter 11 proceeding is also optimal for judicial economy.

### C.      The Debtor is in a Better Position under Chapter 11 Proceeding to Comply with the Regulatory Issues to be Faced

The  Debtor will be complying with the multiple regulatory responsibilities during this wind down period.  Unfortunately, there is not much precedence as these cyber attacks are relatively a new phenomenon and each institution victimized by these "notorious hacks" faces different results and consequences based on what data what stolen or compromised and how and when the hack was intercepted.  Not every intrusion and hack is created equal.  According to the Open Worldwide Application Security Project ("OWASP"), a non-profit foundation that works to improve the security of software, in just recent 10 years, there has been a multitude of institutions hacked including  "AT&T Vendor(9 Million accounts), T-Mobile (37 Million accounts), JD Sports(10 Million), MyDeal (2.2Million), Dropbox (nearly 69 million accounts), Flagstar bank (1.5 Million) and eBay (145 million)."[6]

---

[6] Sundar, Venkatesh, *35 Most Notorious Hacks in History that Fall Under OWASP Top 10*, December 22, 2023, https://www.indusface.com/blog/notorious-hacks-history/#:~:text=One%20of%20the%20biggest%20hacks%20in%20history,of%20birth%2C%20social%20security%20numbers%2C%20address%2C%20driver's (accessed on October 28, 2024)

**D. *The Debtor proposes the use of an appointed Ombudsman and carefully crafted Notice through Publication to address noticing issues***

Not every individual in every state is entitled to a civil action against the Debtor; however, the USTP properly addresses the need to determine the proper approach to notifying appropriate claimants. The Debtor proposes the use of an Ombudsman and Notice through Publication. Both of which are feasible remedies to address the challenge.

The Debtor proposes to file a motion to appoint a Consumer Privacy Ombudsmen as allowed under §332 of the Chapter and provides that:

> (b) The consumer privacy ombudsman may appear and be heard at such hearing and shall provide to the court information to assist the court in its consideration of the facts, circumstances, and conditions of the proposed sale or lease of personally identifiable information under section 363(b)(1)(B). Such information may include presentation of-
> (1) the debtor's privacy policy;
> (2) the potential losses or gains of privacy to consumers if such sale or such lease is approved by the court;
> (3) the potential costs or benefits to consumers if such sale or such lease is approved by the court; and
> (4) the potential alternatives that would mitigate potential privacy losses or potential costs to consumers.
> (c) A consumer privacy ombudsman shall not disclose any personally identifiable information obtained by the ombudsman under this title.[7]

The Debtor also proposes to provide the required notice to individuals affected by the breach through constructive notice procedures as allowed in these proceedings.

**E. *It was excusable neglect to fail to notify the internal revenue service, the state of Florida was notified through its attorney general***

All additional notifications can be made in a timely fashion, and prior to the expiration of government noticing deadlines.

---

[7] 11 U.S.C. § 332.

The third issue the U.S. Trustee points to that support their argument for dismissal involves the noticing to those who may be affected by the data breaches caused by the Hacker. The Debtor is aware of this challenge and proposes to appoint an ombudsman under 11 U.S.C §332 and provide constructive notice.

## III.    CONCLUSION

Absence a bankruptcy proceeding, the debtor will be left to fight a morass of litigation, and each creditor will be left with the burden of pursuing their rights, conducting their own discovery and pursuing what limited resources remain. Here wind down within the bankruptcy provides an efficient, effective and transparent approach to address the impact of this crime, than any other forum.

Dated October 29, 2024,

*Counsel for the Debtor*

*/s/ Angelo A. Gasparri*
Angelo A. Gasparri, Esq.
Kelley Kronenberg
10360 West State Road 84
Fort Lauderdale, FL 33324
(954) 370-9970
agasparri@kelleykronenberg.com
AAGeservice@kelleykronenbeg.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on October 29, 2024, a true and correct copy of the of this Response was served electronically upon all parties having made an appearance on CM/ECF or registering with the Court for electronic distribution, the OFFICE OF THE US TRUSTEE and THE SUBCHAPTER V TRUSTEE.


Dated: 10/29/2024                           Respectfully submitted:

                                            **KELLEY KRONENBERG**
                                            *Bankruptcy Counsel for the Defendant*
                                            10360 West State Road 84
                                            Fort Lauderdale, FL 33324
                                            Telephone: 954-370-9970
                                            Fax: 954-382-1988
                                            Primary Email: agasparri@kelleykronenberg.com
                                            Secondary Email: aagaeservice@kelleykronenberg.com


                                            By: */s/ Angelo A. Gasparri II*
                                            ANGELO A. GASPARRI II, ESQ.
                                                Florida Bar No: 32158